## Dorsey's Appeal.

A clause in a will, "I give and devise all my real estate to my son Charles in fee, subject to the life estate herein given to his mother,"—construed; and *held*, to vest all the title to the land in the mother and son; and that a deed in which mother and son joined would vest a good title in the grantee.

(Decided March 29, 1886.)

Appeal from a decree of the Common Pleas of Bradford County refusing to open a judgment entered upon a promissory note. Affirmed.

Hiram C. Fox, late of Tonawanda, Bradford county, Pennsylvania, died in September, 1860, leaving, to survive him, his widow, Elizabeth Fox, and an only son, Charles T., who at that time was an infant. At the death of said Fox he was the owner of the premises in dispute. The will of said testator was dated September 19, 1860, and admitted to probate October 16, 1860; it was as follows:

"I, Hiram C. Fox, do make, ordain, and publish this, my last will and testament, hereby revoking all former wills by me at any time heretofore made. And first I direct that all my debts and funeral expenses be paid as soon after my decease as possible, out of the first moneys which shall come to the hands of my executors from my estate. I give and bequeath my personal property and assets to my beloved wife, Elizabeth, and to my dear son, Charles T., after payments above mentioned, share and share alike.

"I give and devise all my real estate as follows: To my son, Charles T., the fee, subject to the life estate herein given to his mother. During the joint lives of my wife and son I give to them the said real estate to hold, use, and enjoy, in the same manner and with the same rights and interest therein respectively as if I had died intestate.

"If my son Charles T. should die before his mother, leaving neither a widow nor descendants, then and in that case I give and devise to my beloved wife the use and occupancy of all my said real estate so long as she shall live, and at her decease the heirs of my said son shall possess, occupy, and hold the same in fee. I do hereby make, ordain, constitute, and appoint my brother, Miller Fox, executor of this, my last will and testament."

On April 25, 1885, Charles T. Fox sold this farm to the appellant, representing that he had a good title in fee simple, subject to the life estate, in one third, in his mother, and that she would join in the conveyance. Mr. Dorsey, relying upon those representations of Fox, purchased the farm and gave his note therefor.

Upon this note judgment was entered, and Mr. Dorsey, learning of alleged defects in the title and that the vendor, Charles T. Fox, had left the state and gone to Minneapolis to live, applied to the court, by affidavit, to have the judgment opened and he let in to defend, upon which affidavit a rule was granted to show cause.

After the granting of the rule, and before the hearing, the attorneys for Mr. Fox, by writing, admitted all the facts and allegations contained in the affidavit to be true, and the case was submitted to the court upon these facts, and subsequently the court discharged the rule, holding that Charles T. Fox and his mother owned the entire title to this land and the defendant acquired that title under their deed to him. Dorsey thereupon appealed to this court.

*Wm. Maxwell* for appellant.

*B. M. Peck* and *D. A. Overton* for appellees.

PER CURIAM:

The learned judge gave a correct construction to the will of Hiram C. Fox. It follows that the appellant took a good title to the land in question, and there was no error in refusing to open the judgment.

Decree affirmed and appeal dismissed, at the costs of the appellant.